NOT FOR PUBLICATION

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| **RONALD B. GREENE** <br><br> **Plaintiff,** <br><br> v. <br><br> **BERGEN COUNTY PROSECUTOR'S DETECTIVES: MICHAEL PEREZ, et al..** <br><br> **Defendants.** | Civ. No. 2:13-5493 (WJM) <br><br> **OPINION** |

**WILLIAM J. MARTINI, U.S.D.J.:**

*Pro se* Plaintiff Ronald Greene accuses Defendants of committing false arrest and using excessive force in violation of his constitutional rights. This matter comes before the Court on two motions to dismiss filed by those Defendants. For the reasons stated below, both motions will be **GRANTED**.

### I.  FACTUAL BACKGROUND

Unless otherwise noted, the following facts are alleged in Greene's complaint: Defendants Perez, Dombroski, Martino, Kelly, Valdivia, Booth, Rueda, Brown, Cookson, Conway, Hull, Till, Zablocki, and Fernandez are detectives for the Bergen County Prosecutor's Office ("BCPO"). The Court will collectively refer to those individuals as "the Bergen County Detectives." Greene alleges that on October 18, 2011, the Bergen County Detectives caused him "to be unconstitutionally arrested by use of excessive force." In connection with Greene's unlawful arrest, Defendant Perez submitted a false affidavit in order to maliciously implicate Greene in a crime he did not commit. Other Bergen County Detectives were aware of Perez's unlawful behavior but failed to intervene. According to Greene, Perez's affidavit – which accused Greene of committing, among other things, attempted murder – was entirely inconsistent with video surveillance footage that captured the relevant incident. Similarly, the criminal complaint against Greene "was so lacking in indicia of probable cause as to render official belief in its existence unreasonable."

The complaint further alleges that the Bergen County Detectives acted with "a malicious, reckless, and negligent disregard of Plaintiff['s] constitutional rights." Moreover, the Bergen County Detectives "knew the action of Defendant Michael Perez would violate Plaintiff['s] clearly established fourth and fourteenth amendment constitutional rights." Specifically, Greene asserts the following causes of action, all of which resulted in the violation of his fourth amendment rights: (1) conspiracy to commit an arrest without probable cause; (2) false arrest; (3) excessive force; and (4) malicious prosecution[1]. The Bergen County Detectives have now moved to dismiss for lack of subject matter jurisdiction, or in the alternative, for failure to state a claim.

## II.   MOTIONS TO DISMISS

Federal Rule of Civil Procedure 12(b)(1) provides for the dismissal of a complaint for lack of subject matter jurisdiction. Fed.R.Civ.P. 12(b)(1). There are two types of challenges to subject-matter jurisdiction: (1) facial attacks, which challenge the allegations of the complaint on their face; and (2) factual attacks, which challenge the existence of subject-matter jurisdiction, quite apart from any pleadings. *Mortensen v. First Fed. Sav. & Loan Ass'n*, 549 F.2d 884, 891 (3d Cir.1977). In reviewing a facial attack, like the one in this case, the court must consider the allegations of the complaint in the light most favorable to the plaintiff. *Gould Electronics Inc. v. United States*, 220 F.3d 169, 176 (3d Cir.2000); *PBGC v. White*, 998 F.2d 1192, 1196 (3d Cir.1993). In reviewing a factual attack, the court may consider evidence outside the pleadings, and no presumptive truthfulness attaches to the plaintiff's allegations. *Gotha v. United States*, 115 F.3d 176, 178–79 (3d Cir.1997).

Federal Rule of Civil Procedure 12(b)(6) provides for the dismissal of a complaint, in whole or in part, if the plaintiff fails to state a claim upon which relief can be granted. The moving party bears the burden of showing that no claim has been stated. *Hedges v. United States*, 404 F.3d 744, 750 (3d Cir. 2005). In deciding a motion to dismiss under Rule 12(b)(6), a court must take all allegations in the complaint as true and view them in the light most favorable to the plaintiff. *See Warth v. Seldin*, 422 U.S. 490, 501 (1975); *Trump Hotels & Casino Resorts, Inc. v. Mirage Resorts Inc.*, 140 F.3d 478, 483 (3d Cir. 1998).

Although a complaint need not contain detailed factual allegations, "a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Thus, the factual allegations must be sufficient to raise a plaintiff's right to relief above a speculative level, such that it is "plausible on its face." *See id*. at 570; *see also Umland v. PLANCO Fin. Serv., Inc.*, 542 F.3d 59, 64 (3d Cir. 2008). A claim has "facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*,

---

[1] It is somewhat difficult to discern the exact substance of Greene's claims. However, after reviewing the complaint as a whole, it is apparent that Greene intends to assert separate 42 U.S.C. § 1983 claims for both malicious prosecution and false imprisonment. *See Alston v. Parker*, 363 F.3d 229, 234 (3d Cir. 2004) (*pro se* complaints are to be construed liberally).

2

550 U.S. at 556). While "[t]he plausibility standard is not akin to a 'probability requirement' ... it asks for more than a sheer possibility." *Id*.

To the extent that Greene asserts 42 U.S.C. § 1983 claims against the Bergen County Detectives in their official capacities, those claims must be dismissed. "[N]either a State nor its officials acting in their official capacities are 'persons' under § 1983." *Will v. Michigan Dept. of State Police*, 491 U.S. 58, 71 (1989). Moreover, when "prosecutors engage in classic law enforcement and investigative functions, they act as officers of the State," and they are not 'persons' who may be liable under 42 U.S.C. § 1983. *See Estate of Lagano v. Bergen County Prosecutor's Office*, 769 F.3d 850, 855 (3d Cir. 2014) (citing Coleman v. Kaye, 87 F.3d 1491, 1505 (3d Cir. 1996)). Here, the wrongdoing alleged in Greene's complaint relates solely to classic law enforcement functions undertaken by the Bergen County Detectives. *Cf. Coleman*, 87 F.3d at 1505 (county prosecutor who prepared affidavit in connection with warrant was acting as an agent of the State (citing *Dunne v. Fireman's Fund American Insur. Co.*, 69 N.J. 244, 253 (1976)). Consequently, Greene's official capacity suit against the Bergen County Detectives must be **DISMISSED WITH PREJUDICE**. For the same reasons, to the extent Greene asserts official capacity claims under 42 U.S.C. § 1985 or §1986, those claims must also be **DISMISSED WITH PREJUDICE**. *See, e.g., Bethea v. Delaware*, 17 F.Supp.2d 407, 417-18 (D.Del. 2014)

The Court will now consider whether Greene has stated any claims against the Bergen County Detectives in their individual capacities. In order to prevail on his malicious prosecution claim, Greene must adequately plead that the Bergen County Detectives lacked probable cause to initiate criminal proceedings against him. *See Rose v. Bartle*, 871 F.2d 331, 349 (3d Cir. 1989) (citing *Lee v. Mihalich*, 847 F.2d 66, 69-70 (3d Cir. 1988)). Where the prosecution at issue results in a conviction, "a § 1983 plaintiff must prove that the conviction [] has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254." *Heck v. Humphrey*, 512 U.S. 477, 487-88 (1994). In this case, the Bergen County Detectives' prosecution resulted in Greene being convicted of numerous crimes, including conspiracy to commit robbery, unlawful possession of a firearm, and distribution of a controlled substance. After being convicted, Greene was sentenced to thirty-five years in prison. By arguing that the Bergen County Detectives lacked probable cause to investigate and prosecute him, Greene is essentially implying the invalidity of his conviction. Under *Heck*, that implication renders his § 1983 claim non-cognizable. Consequently, Greene's § 1983 claim for malicious prosecution against the Bergen County Detectives in their individual capacities must be **DISMISSED WITH PREJUDICE**.

A separate issue is whether Greene can maintain his false arrest claim despite the fact that his conviction has not been reversed, expunged, or otherwise declared invalid. A false arrest claim will be subject to dismissal under *Heck* only where the claim necessarily undermines a conviction or sentence. *See Gibson v. Superintendent of NJ Dept. of Law and Public Safety-Division of State Police*, 411 F.3d 427, 452 (3d Cir. 2005). Here, Greene's false arrest claim is almost identical in substance to his malicious prosecution

claim: both claims allege that Defendant Perez falsified information and accused Greene of crimes he did not commit. Consequently, similar to his malicious prosecution claim, Greene's false arrest claim necessarily undermines the validity of the conviction that followed his arrest. Because that conviction is fully intact, Greene's false arrest claim against the Bergen County Detectives in their individual capacities must be **DISMISSED WITH PREJUDICE**. Similarly, to the extent Greene accuses the Bergen County Detectives of conspiring to commit false arrest or malicious prosecution, those claims must also be **DISMISSED WITH PREJUDICE**.

Finally, the Court must consider whether Greene has stated an excessive force claim against the Bergen County Detectives in their individual capacities. Because Greene's excessive force claim does not necessarily undermine his conviction, the *Heck* bar does not apply. *See, e.g., Nelson v. Jashurek*, 109 F.3d 142, 145 (3d Cir. 1997). In order to successfully state an excessive force claim under 42 U.S.C. § 1983, a plaintiff must go beyond naked assertions and conclusory statements by alleging specific facts describing how the use of force was excessive. *See, e.g., Davis v. Ripa*, No. 12-6128, 2012 WL 5199214, *2 (D.N.J. Oct. 17, 2012) (citing *Iqbal*, 556 U.S. at 677). Greene has not done that here; instead he vaguely asserts that the Bergen County Detectives used excessive force when arresting him. Consequently, his excessive force claim will be **DISMISSED WITHOUT PREJUDICE**.

In conjunction with opposing Defendants' motions, Greene has filed a proposed amended complaint adding new factual allegations. The Court will grant Greene 30 days leave to file his amended complaint for the sole purpose of adding specific allegations in support of his excessive force claim. Greene will not be permitted to amend his other claims, because any amendment to those claims would be futile. *See Tate v. Morris Cnty. Prosecutors Office*, 284 F.App'x 877, 879 (3d Cir. 2008) (when dismissing a *pro se* civil rights complaint, a district court must grant leave to amend "even if plaintiff does not request it, unless amendment would be futile….")

### III.   CONCLUSION

For the foregoing, both motions to dismiss are **GRANTED**.[2] An appropriate order accompanies this decision.

                                                       /s/ William J. Martini
                                          **WILLIAM J. MARTINI, U.S.D.J.**

**Date: February 29, 2016**

---

[2] Greene has also presently failed to state a claim against any "John Doe" Defendants named in his complaint.