UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| **RONALD B. GREENE**  **Plaintiff,**  v.  **BERGEN COUNTY PROSECUTOR'S DETECTIVES: MICHAEL PEREZ**, *et al.*,  **Defendants.** | Civ. No. 2:13-5493 (WJM)  **OPINION** |

**WILLIAM J. MARTINI, U.S.D.J.:**

*Pro se* Plaintiff Ronald Greene accuses Defendants of committing false arrest and using excessive force in violation of his constitutional rights. This matter comes before the Court on Greene' motion for reconsideration of this Court prior order of February 29, 2016 ("the February 29 Order"), which granted Defendants' motion to dismiss. For the reasons stated below, Greene's motion will be **DENIED**. However, the Court will amend the February 29 Order so that Greene's individual capacity claims for malicious prosecution, false arrest, and false imprisonment will be dismissed without prejudice.

**I.     BACKGROUND**

The Court writes primarily for the benefit of the parties and assumes familiarity with the facts. Defendants Perez, Dombroski, Martino, Kelly, Valdivia, Booth, Rueda, Brown, Cookson, Conway, Hull, Till, Zablocki, and Fernandez are detectives for the Bergen Prosecutor's Office ("BCPO"). Greene accused those individuals (hereinafter, "the Bergen County Detectives") of (1) false arrest; (2) false imprisonment; (3) excessive force; and (4) malicious prosecution. Specifically, Greene's complaint alleged that Perez submitted a false affidavit in order to maliciously implicate Greene in a crime he did not commit. A proposed amended complaint attached to Greene's motion for reconsideration further explains that, as part of an unlawful sting operation, two unnamed detectives arrested Greene despite the fact that he was not committing any crimes.

The Court later issued the February 29 Order, which granted the Bergen County Detectives' motion to dismiss. In an accompanying opinion, the Court explained that to

the extent Greene asserted claims against the Bergen County Detectives in their official capacities, those claims must be dismissed with prejudice because Section 1983 does not operate as a waiver of sovereign immunity. The Court also dismissed the Section 1983 individual capacity claims for false arrest, false imprisonment, and malicious prosecution claims with prejudice because they were barred by *Heck v. Humphrey*, 512 U.S. 477, 487-88 (1994). Finally, the Court concluded that Greene's excessive force claim was not plead with sufficient particularity to withstand a motion to dismiss. Unlike the other claims, which were dismissed with prejudice, the Court dismissed the excessive force claim without prejudice, granting Greene thirty days to file an amended complaint.

Greene now moves for reconsideration of the February 29 Order. The Bergen County Detectives oppose the motion.

## II. DISCUSSION

A court may grant a motion for reconsideration under Rule 59(e) only if (1) there has been an intervening change in the controlling law; (2) new evidence has become available since the court granted the subject motion; or (3) it is necessary to correct a clear error of law or fact or to prevent manifest injustice. *Max's Seafood Café by Lou–Ann, Inc. v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999) (citing *North River Ins. Co. v. CIGNA Reinsurance Co.*, 52 F.3d 1194, 1218 (3d Cir. 1995)).[1] For the reasons stated below, reconsideration in this case is not warranted.

### A. Official Capacity Claims

First, with respect to the official capacity claims, nothing in Greene's most recent submission sheds doubt on the well-settled principle that "neither a State nor its officials acting in their official capacities are 'persons' under § 1983." *See Will v. Michigan Dept. of State Police*, 491 U.S. 58, 71 (1989). Greene's official capacity claims are therefore barred by the doctrine of sovereign immunity, and his motion for reconsideration with respect to those claims must be denied.

### B. Individual Capacity Claims

In his motion for reconsideration, Greene challenges the applicability of *Heck* as it relates to both his malicious prosecution claims and his false arrest/false imprisonment claims. The Court addresses those arguments.

#### i. *Malicious Prosecution*

With respect to the malicious prosecution claims, Greene contends that *Heck* does not apply because the state level appeal of his conviction and sentence is still pending. Adopting Greene's position would contravene the core principles underlying *Heck*. First, Heck provides that in order to make out a §1983 claim for malicious prosecution where the

---

[1] Manifest injustice pertains to situations where a court overlooks some dispositive factual or legal matter that was presented to it. *See In re Rose*, No. 06–1818, 2007 WL 2533894, at *3 (D.N.J. Aug.30, 2007).

2

prosecution at issue resulted in a conviction, "a plaintiff must prove that the conviction [] *has been* reversed on direct appeal [or otherwise invalidated or called into question.]" 512 U.S. at 487-88 (emphasis added).  Therefore, a *Heck* bar cannot be lifted simply because an appeal of the underlying conviction is pending; rather, the conviction must be reversed or otherwise deemed invalid.  Second, *Heck* reasons that "allowing a state prisoner to proceed directly with a federal court § 1983 attack on his conviction or sentence 'would wholly frustrate explicit congressional intent' as declared in the habeas exhaustion requirement." *Heck*, 512 U.S. at 498 (quoting *Preiser*, 411 U.S. at 489)).  In other words, Greene is not permitted to assert a habeas claim through the filing of a § 1983 action.  Consequently, Greene's malicious prosecution claims are barred by *Heck*.  *See Chapman v. Pennsylvania*, 82 Fed.Appx. 59, 64 (3d Cir. 2003).

      ii.    *False Arrest and False Imprisonment*

With respect to the false arrest and false imprisonment claims, Greene contends that those claims do not undermine his conviction and therefore *Heck* does not apply.  As Greene correctly notes, not all false arrest claims are subject to *Heck*.  *See Shelley v. Wilson*, 152 Fed.Appx. 126, 129 (3d Cir. 2005) ("A claim for false arrest does not necessarily implicate the validity of a conviction or sentence." (citing *Gibson v. Superintendent of N.J.*, 411 F.3d 427, 449 (3d Cir. 2005))).  In this case, Greene's false arrest and false imprisonment claims do implicate the validity of his conviction because they are premised on the theory that Greene did not commit the crimes that have landed him in prison.  *See, e.g., Jones v. Mermon*, 507 Fed.Appx. 100, 103 (3d Cir. 2012) (*Heck* barred false arrest claim where "[the defendant's] allegation that the criminal complaint against him and his arrest were false implicate[d] the validity of his conviction….").  For example, Greene contends that his arrest was without probable cause because it was based on a warrant that falsely accused Greene of committing the crimes of "armed robbery, conspiracy to commit armed robbery, weapons possession, and distribution of CDS."  *See* Complt. at 12.  In other words, Greene claims that probable cause did not – and in fact could not – exist because he never committed the crimes that resulted in his conviction.  Similarly, in a proposed amended complaint attached to his motion for reconsideration, Greene attacks his arrest by arguing that "Det. Perez signaled for the arrest of plaintiff as he exited the parked vehicle that he was in, *while he was involved in committing no crime*, and talking on his cell phone.  *See* Proposed Amendment Complt., ECF No. 32-2, at 6 (emphasis added).  Greene's false arrest and false imprisonment claims largely replicate his malicious prosecution claims: both contend that Greene suffered an unlawful deprivation of liberty after being falsely accused of a crime he did not commit.  Accordingly, the Court concludes that Greene's false arrest and false imprisonment claims seek to undermine the validity of his conviction and are therefore barred by *Heck*.[2]

---

[2] This conclusion is consistent with the Supreme Court's holding in *Wallace v. Kato*, 549 U.S. 384 (2007).  In *Wallace*, the Supreme Court held that for statute of limitations purposes, a Section 1983 claim for false arrest or false imprisonment will accrue when the alleged false imprisonment ends, *i.e.*, when the plaintiff is either released or begins to be detained pursuant to a legal process.  Consequently, the Court held, *Heck* does not imply that the accrual date of a false arrest claim will be deferred until the plaintiff is convicted or the State drops the charges.  549 U.S. at 393.

      C. <u>Modification of the February 29 Order</u>

While the Court concludes that it appropriately dismissed Greene's individual capacity claims for malicious prosecution and false arrest/false imprisonment, it nonetheless finds that dismissal of those claims should have been without prejudice. *See, e.g., Brown v. City of Philadelphia*, 339 Fed.Appx. 143, 145-46 (3d Cir. 2009) ("[w]hen a § 1983 claim is dismissed under *Heck*, the dismissal should be without prejudice." (quoting *Fottler v. United States*, 73 F.3d 1064, 1065-66 (10th Cir. 1996))).[3] Therefore, Greene will have the opportunity to reassert those claims **only if** his underlying conviction has been reversed, invalidated, or otherwise called into question. The Court will modify its prior order dismissing Greene's complaint accordingly.

### III.   CONCLUSION

For the foregoing reasons, Greene's motion for reconsideration of the February 29 Order is **DENIED**. However, the Court will modify the February 29 Order so that Greene's Section 1983 individual capacity claims for malicious prosecution, false arrest, and false imprisonment will be dismissed without prejudice.

                                      /s/ William J. Martini
                                    **WILLIAM J. MARTINI, U.S.D.J.**

**Date: May 31, 2016**

---

However, the Court also noted that where a petitioner files a timely Section 1983 claim *after* he is convicted, Heck will still bar the action if it seeks to invalidate the conviction resulting from the alleged false arrest. *See id*. at 394. Indeed, the Third Circuit has issued post-*Wallace* decisions recognizing that *Heck* continues to operate as a bar to certain false arrest claims. *See, e.g., Lockhart v. City of Easton*, 588 Fed.Appx. 144, 145 (2014); *Jones*, 507 Fed.Appx. at 103.

[3] The official capacity claims discussed in this opinion were appropriately dismissed with prejudice.

4