UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| RONALD B. GREENE,<br><br>        Plaintiff,<br><br>    v.<br><br>MICHAEL PEREZ, *et al.*,<br><br>        Defendants. | Civ. No. 2:13-05493<br><br>OPINION |

**WILLIAM J. MARTINI, U.S.D.J.:**

    *Pro se* Plaintiff Ronald Greene brings this action against four detectives of the Bergen County Prosecutor's Office, namely Brian Kelly, Michael Perez, John Doe #1 and John Doe #2 (collectively "Defendants"). Plaintiff alleges that Defendants used excessive force against him during his arrest in violation of 42 U.S.C. § 1983. This matter comes before the Court on Plaintiff's motion to reinstate his claims under Federal Rule of Civil Procedure 60(b). There was no oral argument. Fed. R. Civ. P. 78(b). For the reasons set forth below, Defendants' motion to reinstate is **GRANTED**.

    **I.**    **BACKGROUND**

    Plaintiff is a convicted and sentenced prisoner, currently serving his sentence in East Jersey State Prison, Rahway, New Jersey. *See* Pl.'s Mot. to Reinstate § 1983 Excessive Force Claims ("Pl.'s Mot."), Ex. A 2–3 [hereinafter "Am. Compl."], ECF No. 36. On October 18, 2011, Plaintiff alleges that he was arrested by detectives employed by the Bergen County Prosecutor's Office during a police sting operation, taking place in a Hampton Inn parking lot in Ridgefield Park, New Jersey. *See* Am. Compl. at 5. On December 5, 2013, Plaintiff was convicted by a jury on several charges, including robbery and unlawful possession of a handgun. *See* Br. in Supp. of Defs.' Mot. to Dismiss ("Defs.' Dismiss Mot.") 2–3, Nov. 10, 2015, ECF No. 24. On April 11, 2014, Plaintiff was sentenced to thirty-five years of imprisonment, which he is currently serving. *See id.* at 3.

    On September 13, 2013, Plaintiff filed a complaint against Defendants, alleging the use of excessive force by Defendants against him during the course of his arrest, among other allegations. *See* Compl. 14–15, ECF No. 1. Defendants never actually answered Plaintiff's complaint; instead, they filed a motion to dismiss on November 10, 2015. *See* Defs. Dismiss Mot. at 1–3. On February 2, 2016, Plaintiff filed a response to Defendants'

motion, attaching a proposed amended complaint, which he claimed addressed the pleading deficiencies set forth in the motion to dismiss. *See* Reply to Defs.' Mot. to Dismiss and Leave to Amend 1–2, ECF No. 29.

On February 29, 2016, this Court granted Defendants' motion, dismissing all of Plaintiff's claims, including his excessive force claim. Op. 4, ECF No. 30. Specifically, the Court dismissed Plaintiff's excessive force claim because he did not "go beyond naked assertions and conclusory statements by alleging specific facts describing how the use of force was excessive" in his complaint. *See id.* The Court dismissed the claim without prejudice and granted Plaintiff thirty days to file an amended complaint. *Id.* Notably, the Court did not reference Plaintiff's response and proposed amended complaint in its opinion. *See id.*

On March 28, 2016, Plaintiff filed a motion for reconsideration of the Court's February 29 order, again attaching an amended complaint. Plaintiff argued that the amended complaint, "being duly filed contemporaneously herewith," superseded the original because no responsive pleadings had been made by Defendants. *See* Pl.'s Mot. for Reconsideration ("Reconsider Mot.") 3, ECF No. 32. The Court modified the February 29 order, stating that certain claims should have been dismissed without prejudice and that Plaintiff would be given the opportunity to reassert those claims only if his conviction was reversed. *See id.* at 4. The Court did not reference Plaintiff's amended complaint.

Plaintiff now moves this Court to reinstate his excessive force claim. Plaintiff argues that the amended complaint cured the pleading deficiencies noted by the Court, that the Court did not consider it prior to the February 29 order, and that his claim, therefore, should be allowed to proceed. *See* Pl.'s Mot. at 4. Defendants oppose, arguing that the motion is untimely because it failed to meet the Court's thirty-day deadline imposed by the February 29 order. *See* Defs.' Br. in Opp'n to Mot. to Reinstate ("Defs.' Opp'n") 1, Sept. 6, 2016, ECF No. 38.

## II.   LEGAL STANDARD

Federal Rule of Civil Procedure 60(b) "governs petitions to reinstate an action." *See Fisco v. Lamplight Farms, Inc.*, No. 11-cv-3855, 2013 WL 6253192, at *1 (D.N.J. Dec. 4, 2013). "It is well settled that the determination of a Rule 60(b) Motion is within the sound discretion of the Court." *Id.* The Court liberally construes Plaintiff's motion as seeking relief from the Court's dismissal of his claims pursuant to Rule 60(b)(1), which provides that a court may grant relief due to "mistake, inadvertence, surprise, or excusable neglect." Fed. R. Civ. P. 60(b)(1).

"In determining excusable neglect, a court must consider four factors: (1) prejudice to the adverse party; (2) length of the delay and its potential impact on the judicial proceedings; (3) reason for the delay, including whether it was within the reasonable control of the movant; and (4) whether the movant acted in good faith." *Murray v. Walgreen Co.*, 470 F. App'x 97, 98 (3d Cir. 2012).

### III. DISCUSSION

Plaintiff submits that the Court overlooked his amended complaint, which he claims to have mailed to the Court for filing on January 21, 2016 and which was received by the Court on February 3, 2016. *See* Pl.'s Mot. at 1 n.1. Defendants counter that the Court did not overlook the amended complaint because the submission "constituted no more than a proposed amended complaint." *See* Defs. Opp'n at 2. Neither party references Plaintiff's March 28 filing, which Plaintiff characterized as a motion for reconsideration but which also included the amended complaint. *See* Reconsider Mot. at 3.

While it is true that the record does not contain an entry expressly titled "Amended Complaint," it does show that Plaintiff attempted to file his amended complaint both prior to and within thirty days after the Court's issuance of the February 29 order. Plaintiff appears *pro se* and the Court will afford him greater leniency than it would if he were represented by counsel. *See Haines v. Kerner*, 404 U.S. 519, 520–21 (1972) ("we hold [*pro se* pleadings] to less stringent standards than formal pleadings drafted by lawyers"); *Alexander v. Gennarini*, 144 F. App'x 924, 926 (3d Cir. 2005) ("*pro se* pleadings must be liberally construed").

In this light, the Court finds that reinstatement is warranted. First, there is no prejudice against Defendants because Defendants have not yet filed an answer to the complaint. *See DeJesus v. Mohammad*, No. 12-cv-7007, 2013 WL 5963018, at *3 (D.N.J. Nov. 7, 2013) (finding no prejudice where opposing party had not answered the complaint and discovery had not begun). Second, the length of delay will not impact judicial proceedings because the litigation is in its earliest stages. *See id.* (finding no adverse impact to the judicial proceedings because the case was in its earliest stages). Third, the reason for delay is reasonable and excusable because Plaintiff originally thought that he had timely filed his amended complaint and his procedural deficiencies are given more leniency due to his *pro se* status. *See Haines*, 404 U.S. at 520–21. Fourth, Plaintiff acted in good faith because the record clearly reflects Plaintiff's attempt to correct the complaint's deficiencies and follow the Court's February 29 order. *See* ECF Nos. 29, 32.

Finally, the Court will accept the amended complaint attached to the instant motion as the actual amended complaint, to which Defendants must now respond.

> In general, the liberality of the pleading regime is accentuated within the civil rights context. We have "consistently held that when an individual has filed a complaint under § 1983 which is dismissible for lack of factual specificity, he should be given a reasonable opportunity to cure the defect, if he can, by amendment of the complaint . . . .

*Kundratic v. Thomas*, 407 F. App'x 625, 629–30 (3d Cir. 2011) (citing *Darr v. Wolfe*, 767 F.2d 79, 81 (3d Cir. 1985), *abrogated on other grounds by Alston v. Parker*, 363 F.3d 229, 233 (3d Cir. 2004)). Here, Plaintiff has amended his complaint, alleging sufficient, specific facts in support of his excessive force claim. *See* Am. Compl. at 5–6.

Accordingly, the Court will grant Plaintiff's motion and reinstate his excessive force claim.

### IV.     CONCLUSION

For the reasons stated above, Plaintiff's motion to is **GRANTED**.  An appropriate order follows.

*/s/ William J. Martini*
**WILLIAM J. MARTINI, U.S.D.J.**

**Date: November 21, 2016**