UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| RONALD B. GREENE,<br><br>Plaintiff,<br><br>v.<br><br>MICHAEL PEREZ, *et al.*,<br><br>Defendants. | Civ. No. 2:13-05493<br><br>OPINION |

**WILLIAM J. MARTINI, U.S.D.J.:**

*Pro se* Plaintiff Ronald Greene brings this action against four detectives of the Bergen County Prosecutor's Office, namely Brian Kelly, Michael Perez, and unidentified individuals John Doe #1 and John Doe #2 (collectively "Defendants"). Plaintiff alleges that Defendants used excessive force against him during his arrest in violation of 42 U.S.C. § 1983. This matter comes before the Court on Defendants' motion to dismiss pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). There was no oral argument. Fed. R. Civ. P. 78(b). For the reasons set forth below, Defendants' motion to dismiss is **GRANTED**, in part, and **DENIED**, in part.

I.  BACKGROUND

The Court assumes the parties' familiarity with the facts and procedural history of this case, but will briefly summarize here. Plaintiff is a convicted and sentenced prisoner, currently serving his sentence in East Jersey State Prison, Rahway, New Jersey. Op. 1, ECF No. 39. On October 18, 2011, Plaintiff alleges that Defendants used excessive force while arresting him during a police sting operation. *See* Am. Compl. 5–6, ECF No. 41.

Plaintiff originally complained of several other § 1983 claims in addition to his excessive force claim, which this Court dismissed with prejudice because those claims were not cognizable under *Heck v. Humphrey*, 512 U.S. 477 (1994). *See* Op. 3–4, ECF No. 30. The Court found that *Heck* did not bar Plaintiff's excessive force claim because it did not necessarily undermine his conviction. *Id.* at 4. Nevertheless, the Court dismissed the excessive force claim without prejudice because Plaintiff's allegations failed to describe specific facts as to how the use of force was excessive. *Id.*

Plaintiff later filed an amended complaint (the "Complaint") in which he alleged the following, in pertinent part:

> After being handcuffed and while being held down on the ground, Det. Kelly used his knee to spear plaintiff in the back, then repeatedly punched plaintiff in his back, ribs and scrotum, doing this while Det. John Doe #1 kept his foot on plaintiff's neck, increasing the pressure and grinding his boot into plaintiff's neck. This assaultive force used against plaintiff while he was handcuffed and pinned to the ground lasted for 2–3 minutes. Det. Kelly and Det. John Doe #1, each having both a realistic and reasonable opportunity to intervene and prevent each other from using the unnecessary and excessive force to seize and arrest plaintiff. At all times, John Doe #2 was in close proximity, and having a realistic and reasonable opportunity to do failed to intervene in the excessive force, and acquiesced to the assaultive use of force . . . .

Am. Compl. at 6. Plaintiff further alleged that he was arrested "as he exited the parked vehicle that he was in, while he was involved in committing no crime, and was talking on his cell phone." *Id*. at 5–6.

On December 5, 2013, Plaintiff was convicted by a jury on several charges, including aggravated assault with a firearm. On April 11, 2014, Plaintiff was sentenced to 35 years of imprisonment, which he is currently serving. *See* ECF No. 36 at 1; Defs.' Br. in Opp'n to Pl.'s Mot. for Default, Ex. B, ECF No. 20-1. Under the aggravated assault charge, the indictment describes that Plaintiff "did knowingly under circumstances manifesting extreme indifference to the value of human life, point a firearm at, or in the direction of, Detective Michael Perez . . . ." *See id*., Ex. A. Plaintiff does not mention that he possessed a firearm during the course of his arrest in the Complaint.

Defendants now move to dismiss the Complaint, arguing: (1) that Plaintiff's claims regarding a lack of probable cause to effect an arrest are barred by *Heck*, *see* Br. in Supp. of Defs.' Mot to Dismiss ("Defs.' Mot.") 7–9, ECF No. 43; (2) Plaintiff's claims against Defendants Perez and Kelly are conclusory and not entitled to the assumption of truth, *see id*. at 9–10, 13–15; and (3) that Defendant Kelly is entitled to qualified immunity in light of the factual circumstances—*i.e.*, Plaintiff's possession of a firearm during his arrest, *see id*. at 15–19. Plaintiff opposes, arguing that he is entitled to discovery and emphasizing that he alleges the use of excessive force after he was secured and handcuffed. *See* Pl.'s Opp'n 2–3, ECF No. 47. Defendants filed a reply. ECF No. 48.

## II. LEGAL STANDARD

Federal Rule of Civil Procedure 12(b)(1) provides for the dismissal of a complaint for lack of subject matter jurisdiction. Fed. R. Civ. P. 12(b)(1). There are two types of challenges to subject-matter jurisdiction: (1) facial attacks, which challenge the allegations of the complaint on their face; and (2) factual attacks, which challenge the existence of subject-matter jurisdiction, quite apart from any pleadings. *Mortensen v. First Fed. Sav. & Loan Ass'n*, 549 F.2d 884, 891 (3d Cir. 1977). In reviewing a factual attack, such as the ones presented here, the court may consider evidence outside the pleadings, and no presumptive truthfulness attaches to the plaintiff's allegations. *Gould Electronics Inc. v.*

*United States*, 220 F.3d 169, 176 (3d Cir. 2000). The plaintiff bears the burden of proving that jurisdiction exists. *Id*. at 178.

Federal Rule of Civil Procedure 12(b)(6) provides for dismissal of a complaint, in whole or in part, if the plaintiff fails to state a claim upon which relief can be granted. The moving party bears the burden of showing that no claim has been stated. *Hedges v. United States*, 404 F.3d 744, 750 (3d Cir. 2005). In deciding a motion to dismiss under Rule 12(b)(6), a court must take all allegations in the complaint as true and view them in the light most favorable to the plaintiff. *See Warth v. Seldin*, 422 U.S. 490, 501 (1975); *Trump Hotels & Casino Resorts, Inc. v. Mirage Resorts Inc.*, 140 F.3d 478, 483 (3d Cir. 1998).

Although a complaint need not contain detailed factual allegations, "a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Thus, the factual allegations must be sufficient to raise a plaintiff's right to relief above a speculative level, such that it is "plausible on its face." *See id.* at 570; *see also Umland v. PLANCO Fin. Serv., Inc.*, 542 F.3d 59, 64 (3d Cir. 2008). A claim has "facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556). While "[t]he plausibility standard is not akin to a 'probability requirement' . . . it asks for more than a sheer possibility." *Id.*

### III. DISCUSSION

The Court will first consider Defendants' argument that *Heck* bars Plaintiff's claim before turning to their arguments concerning the deficiencies of the Complaint. In *Heck*, the Supreme Court held that "when a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence . . . ." *See* 512 U.S. at 487. The Court has previously held that Plaintiff's excessive force claim was not barred by *Heck*. *See* ECF No. 30 at 4. Upon further consideration, the Court now finds that any claim of excessive force relating to Defendants' conduct prior to his handcuffing is also barred under *Heck*.

As mentioned, Plaintiff was convicted of aggravated assault with a firearm, among several other charges. The assault occurred when Plaintiff pointed his handgun at Defendant Perez during Plaintiff's attempted robbery of him. To succeed on his claim relating to Defendants' conduct prior to his arrest, Plaintiff would have to show that the use of non-deadly force to disarm and secure him was unreasonable or that he was unarmed in the first instance. By logical extension, such a showing would contradict the jury's finding that Plaintiff committed aggravated assault by pointing a firearm at Defendant Perez and would necessarily imply the invalidity of Plaintiff's conviction. *See Jennings v. Fetterman*, 197 F. App'x 162, 164 (3d Cir. 2006) (finding that plaintiff's excessive force claim would necessarily imply the invalidity of his conviction for attempted homicide and was, therefore, barred by *Heck* because it would negate the jury's finding that defendant

shot plaintiff in self-defense). The Court, therefore, finds that Plaintiff's claim of excessive force as related to Defendants' conduct prior to his handcuffing is barred by *Heck*.

After Plaintiff was disarmed and physically restrained, however, Plaintiff's claim of excessive force from that point forward would not necessarily imply the invalidity of his conviction. As a threshold matter, the Court rejects Defendants' argument that Plaintiff's allegations are conclusory and not entitled to an assumption of truth at this stage. Plaintiff described in detail the specific actions taken by Defendant Kelly and another unidentified individual in beating Plaintiff after he was handcuffed and pinned to the ground. *See* Am. Compl. at 6. Additionally, the Court emphasizes that Plaintiff is a *pro se* litigant, which requires a liberal construction of his Complaint. *See Alexander v. Gennarini*, 144 F. App'x 924, 926 (3d Cir. 2005) ("*pro se* pleadings must be liberally construed"). For this reason, the Court declines to dismiss the claim against Defendant Perez because the Complaint clearly establishes that Defendant Perez was at the scene. Viewing the facts in the light most favorable to Plaintiff, it is plausible that Defendant Perez failed to intervene in the other Defendants' use of excessive force.

Defendants assert qualified immunity, which requires a two-step inquiry. First, a court must determine "whether the facts—taken in the light most favorable to the nonmoving party—show that a government official violated a constitutional right." *See Santini v. Fuentes*, 795 F.3d 410, 417 (3d Cir. 2015) (citing *Saucier v. Katz*, 533 U.S. 194, 201 (2001)). Second, a court decides whether the right violated was clearly established at the time of the violation—*i.e.*, whether the official made a reasonable mistake as to the legal constraints of his or her actions. *See id.* at 417–18 (citations omitted). "Although qualified immunity is a question of law determined by the Court, when qualified immunity depends on disputed issues of fact, those issues must be determined by the jury." *Monteiro v. City of Elizabeth*, 436 F.3d 397, 405 (3d Cir. 2006). In deciding whether excessive force was used, a court must determine whether the conduct in question was objectively reasonable and consider "the severity of the crime at issue, whether the suspect poses an immediate threat to the safety of the officer or others, and whether he is actively resisting arrest or attempting to evade arrest by flight." *Couden v. Duffy*, 446 F.3d 483, 496–97 (3d Cir. 2006) (quotation omitted).

Defendants are not entitled to qualified immunity at present. Once again, taking Plaintiff's allegations as true, the Court finds that Plaintiff has clearly established a violation of his Fourth Amendment right because the continued beating of Plaintiff after he was handcuffed and physically detained could be viewed as unreasonable, excessive and serving no legitimate law enforcement purpose. *See Hurt v. City of Atlantic City*, No. 08-cv-3053, 2010 WL 703193, at *8 (D.N.J. Feb. 24, 2010). Furthermore, a reasonable officer in 2011 would have known that continuing to beat a suspect after he was physically restrained, no longer posed a threat to others and was no longer a risk of flight was excessive and unconstitutional. *See id.* Accordingly, Defendants' motion to dismiss as related to Plaintiff's claims after his handcuffing is **DENIED**.

## IV. CONCLUSION

For the reasons stated above, Defendants' motion to dismiss is **GRANTED**, in part, and **DENIED**, in part. The motion to dismiss is granted with respect to all events occurring prior to Plaintiff being disarmed and handcuffed. Any portion of Plaintiff's claims related to those events is **DISMISSED WITH PREJUDICE**. The motion to dismiss is denied with respect to events occurring after Plaintiff was disarmed and handcuffed. An appropriate order follows.

                                              */s/ William J. Martini*
                                            **WILLIAM J. MARTINI, U.S.D.J.**

**Date: April 17, 2016**