# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| RONALD B. GREENE, <br><br> Plaintiff, <br><br> v. <br><br> MICHAEL PEREZ et al., <br><br> Defendants. | Civ. No. 2:13-5493 (WJM) <br><br> **OPINION** |

**WILLIAM J. MARTINI, U.S.D.J.:**

**THIS MATTER** comes before the Court upon *sua sponte* review of the record. On March 30, 2018, Plaintiff, an incarcerated individual proceeding *pro se*, filed an amended complaint. ECF No. [58] ("SAC"). On September 21, 2018, Defendants Michael Perez and Brian Kelly moved for summary judgement on a prior complaint, ECF No. [41] ("FAC"), arguing that the Court should ignore the SAC because Plaintiff failed to file a motion to amend. ECF No. [66-2] at 4 n.3. As set forth more fully below, the Court construes ECF No. [58] as a motion to amend and **GRANTS** Plaintiff's motion.

## I. BACKGROUND

Plaintiff filed his complaint, ECF No. [1], on September 13, 2013 alleging claims under 28 U.S.C. § 1983 against fifteen officers and detectives of the Bergen County Prosecutor's Office, including a "John Doe #1." After several delays related to service, the named defendants were served by the U.S. Marshals Service on April 15, 2015. *See* ECF Nos. [13] & [14]. Although responses were due on May 6, 2015 to the complaint, no defendant responded. Eventually, after Plaintiff moved for default, ECF No. [17], the New Jersey Attorney General's Office filed notices of appearance on behalf of the defendants, including five officers relevant to this Motion: Perez, Kelly, Valdivia, Dombroski, and Zablocki. ECF Nos. [16-1], [18], [19], [20], [21] & [23].

On October 14, 2015, United States Magistrate Judge Mark Falk denied entry of default and ordered the served defendants to respond to the complaint on or before November 10, 2015. ECF No. [22]. Motion practice ensued, including motions to dismiss filed by defendants and a motion to amend by Plaintiff. ECF Nos. [24], [25] & [27]. In opposition to defendants' motion to dismiss, Plaintiff attached a copy of a proposed amended complaint against only Officer Perez, Officer Kelly, and John Does #1–2. ECF No. [29-1]. On February 29, 2016, the Court granted defendants' motions to dismiss as to

all of Plaintiff's claims except for his excessive force claim, which the Court dismissed without prejudice with leave to replead within thirty days. ECF No. [30].

On July 29, 2016, Greene again filed his previously-filed proposed amended complaint, *see* ECF No. [29-1], as part of a motion entitled "Motion to Reinstate Section 1983 Fourth Amendment Excessive Force and Failure to Intervene Claims Plead Against Defendants Michael Perez, Brian Kelly, and John Does #1–2 in Plaintiff's Amended Complaint Filed." ECF No. [36-3]. Defendants opposed the motion arguing that Plaintiff had missed the deadline in the Court's order granting leave to replead. ECF No. [38]. Given Plaintiff's efforts to twice file his amended complaint, the Court granted Plaintiff's motion and ordered the Clerk of Court to separately docket Plaintiff's amended complaint. ECF No. [41] ("FAC").

Defendants Perez and Kelly moved to dismiss the FAC based on qualified immunity, and the Court granted in part and denied in part their motion. ECF No. [49]. On January 3, 2018, Magistrate Judge Falk entered a scheduling order requiring, among other things, that "[m]otions to add parties or amend pleadings shall be filed by April 3, 2018." ECF No. [57]. On March 30, 2018, without moving for leave to amend, Plaintiff filed a second amended complaint. ECF No. [58] ("SAC"). Apart from some minor typographical differences, the SAC is identical to the FAC except that Plaintiff (1) removed the previously listed "John Does" and added Officers Valdivia and Dombroski, and (2) added a failure to supervise claim against Officer Zablocki. *Id*. On May 15, 2018, Plaintiff sent a letter to the Court requesting confirmation that the Court had received his SAC. ECF No. [62]. In a letter dated May 22, 2018, counsel for defendants acknowledged the filing of the SAC "without leave of Court." ECF No. [61].[1] On July 22, 2018, Plaintiff sent a second letter to the Court requesting confirmation that the Court had received his SAC. ECF No. [64]. On September 13, 2018, apparently operating under the assumption that his SAC was the operative complaint, Plaintiff filed a declaration stating that he had propounded timely discovery requests on August 9, 2018 to counsel for defendants regarding Officers Valdivia, Dombroski, and Zablocki.

On September 21, 2018 Defendants Perez and Kelly filed a motion requesting that the Court grant summary judgment as to the claims asserted in the FAC on qualified immunity grounds. ECF No. [66]. As noted above, in the motion, Perez and Kelly argue in a footnote that the Court should disregard Plaintiff's SAC because he failed to first move to amend. ECF No. [66-2] at 4 n.3.

## II. LEGAL STANDARD

"Federal Rule of Civil Procedure 15 embodies a liberal approach to pleading." *Arthur v. Maersk, Inc.*, 434 F.3d 196, 202 (3d Cir. 2006) (citing *Bensel v. Allied Pilots Ass'n*, 387 F.3d 298, 310 (3d Cir. 2004). As such, a district court shall freely grant leave to amend when justice so requires. Fed. R. Civ. P. 15(a). This liberal standard is

---

[1] In May 2018 counsel for defendants also questioned Plaintiff during his deposition about the filing of the SAC. ECF No. [66-10] at 76–77.

particularly heightened when the plaintiff, as here, proceeds *pro se*. *Alston v. Parker*, 363 F.3d 229, 234 (3d Cir. 2004). Moreover, while a *pro se* plaintiff must comply with both court orders and the Federal Rules of Civil Procedure, *Lynn v. Sec'y, Dep't of Def.*, 431 F. App'x 147, 150 (3d Cir. 2011), "*pro se* civil rights plaintiffs are generally not held to the same technical standards of pleading and motion practice as those with legal training[. Rather] they are at least required to make a good faith effort to comply with the Federal Rules of Civil Procedure." *Hester v. Curione*, No. CIV.A. 85-3994, 1986 WL 1888, at *2 (E.D. Pa. Feb. 12, 1986); *see also Frazier v. DiGuglielmo*, No. CIV.A. 06-4186, 2007 WL 2254411, at *1 (E.D. Pa. Aug. 3, 2007) (construing *pro se* incarcerated litigants' opposition as timely filed based on plaintiff's good faith belief that settlement discussions suspended deadline by which to respond).

### III. ANALYSIS

There is no question that the Court should treat Plaintiff's SAC as the operative complaint. Defendants argue on summary judgment—and without citation—that Plaintiff's SAC should be ignored because Plaintiff failed to move to amend by April 3, 2018 and instead filed a second amended complaint by that deadline. ECF No. [66-2] at 4 n.3. On reply, defendants appear to introduce a second argument that the SAC should be ignored because it is untimely. ECF No. [71] at 3 n.1.

The record reflects Plaintiff's good faith effort to comply with the Federal Rules of Civil Procedure and Magistrate Judge Falk's Scheduling Order. Judge Falk entered an order requiring Plaintiff to amend his complaint or add parties by April 3, 2018. Plaintiff filed his SAC on March 30, 2018 by handing a copy of the SAC to prison officials.[2] Defendants never moved to strike or otherwise request any clarification regarding the import of the SAC. And, Plaintiff diligently wrote two letters to the Court to confirm receipt of the SAC. Because Plaintiff is proceeding *pro se* and the record evinces Plaintiff's good faith attempt to comply with Court-ordered deadlines, the Court will liberally construe this filing as a timely motion to amend the pleadings.

It is worth noting that this Court has previously addressed a similar amendment question *in this case* when Plaintiff filed his FAC as an exhibit to his opposition to defendants' motion to dismiss. Rejecting defendants' argument that the FAC was untimely and improperly filed and thus should be disregarded by the Court, the Court found:

---

[2] It is unclear why defendants assume that Plaintiff is not entitled to the Prisoner Mailbox Rule which deems a document from a *pro se* incarcerated litigant to be filed on the date it is delivered to prison officials for forwarding to the clerk of court. *Burns v. Morton*, 134 F.3d 109, 112–13 (3d Cir. 1998) (citing *Houston v. Lack*, 487 U.S. 266 (1988)) (noting the Third Circuit's application of the prisoner mailbox rule to "various filings of pro se prisoners"). Plaintiff is an incarcerated individual proceeding *pro se* who signed and dated the SAC on March 30, 2018. Accordingly, the Court deems the SAC filed on that date and Defendant's arguments regarding its alleged untimeliness meritless.

While it is true that the record does not contain an entry expressly titled "Amended Complaint," it does show that Plaintiff attempted to file his amended complaint both prior to and within thirty days after the Court's issuance of the February 29 order. Plaintiff appears *pro se* and the Court will afford him greater leniency than it would if he were represented by counsel. *See Haines v. Kerner*, 404 U.S. 519, 520–21 (1972) ("we hold [*pro se* pleadings] to less stringent standards than formal pleadings drafted by lawyers"); *Alexander v. Gennarini*, 144 F. App'x 924, 926 (3d Cir. 2005) ("*pro se* pleadings must be liberally construed").

Citing the Third Circuit's direction, this Court further observed:

In general, the liberality of the pleading regime is accentuated within the civil rights context. We have "consistently held that when an individual has filed a complaint under § 1983 which is dismissible for lack of factual specificity, he should be given a reasonable opportunity to cure the defect, if he can, by amendment of the complaint . . . .

*Kundratic v. Thomas*, 407 F. App'x 625, 629–30 (3d Cir. 2011) (citing *Darr v. Wolfe*, 767 F.2d 79, 81 (3d Cir. 1985), *abrogated on other grounds by Alston v. Parker*, 363 F.3d 229, 233 (3d Cir. 2004)). Confronted with a nearly identical issue, defendants renewed arguments that the Court should disregard Plaintiff's amended complaint as improper and untimely based on Plaintiff's technical noncompliance are unpersuasive.

The Court accordingly treats ECF No. [58] as a motion to amend. "Among the grounds that could justify a denial of leave to amend are undue delay, bad faith, dilatory motive, prejudice, and futility." *Shane v. Fauver*, 213 F.3d 113, 115 (3d Cir. 2000). Here, Plaintiff's amendments are narrowly tailored to identify the officers in the only remaining claim in this case and to add a supervisory liability claim for a third officer that Plaintiff alleges was involved in the arrest. While there is some risk of prejudice to defendants since Officers Valdivia, Dombroski, and Zablocki were only named in the original complaint (and not the FAC), and Officers Perez and Kelly have already answered and filed for summary judgment, this prejudice is minimal considering that counsel for defendants was aware of the timely SAC and chose to simply ignore it. Accordingly, Plaintiff's motion to amend is **GRANTED.** The Court will order that summonses be issued as to Defendants Valdivia, Dombroski, and Zablocki and that the U.S. Marshals serve these officers forthwith.

### IV. DISCOVERY

In both the motions for summary judgment and other recent filings, Plaintiff argues that he has not received discovery in this case from defendants in response to his timely propounded discovery requests, "prejudicing Plaintiff's fair opportunity to obtain discovery documents to present his claim and opposed Defendants['] cornucopia of defenses . . . ." ECF No. [70] at 3; *see also id.* at 7. While it is unclear from Plaintiff's filing what discovery he still seeks, given the apparent confusion regarding the operative

4

complaint, the Court amends the Scheduling Order to reopen discovery to address the allegations in the SAC. The parties shall have until May 15, 2019 to complete discovery. Because Plaintiff is proceeding *pro se*, the Court reminds Plaintiff that the only remaining claim in this action is the alleged excessive force used by defendants after Plaintiff was handcuffed. Accordingly, any discovery requests must comply with the Federal Rules regarding appropriate matters for discovery. Plaintiff is further reminded that, should he believe the discovery responses provided to him are inadequate, he must file a motion to compel such responses.

### IV. CONCLUSION

For the reasons cited above, the Court construes Plaintiff's filing of a Second Amended Complaint, ECF No. [58], as a motion for leave to amend. Such motion is **GRANTED**. An appropriate order follows.

*/s/ William J. Martini*
**WILLIAM J. MARTINI, U.S.D.J.**

Date: March 19, 2019

Copies to:

Counsel of Record

Ronald B. Greene
877598/734262-E
East Jersey State Prison
Lock Bag R.
Rahway, NJ 07065
*Pro se*